Docket No. 16–15469

———————————————————

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

———————————————————

NARUTO, by and through his Next Friend,
*Plaintiff-Appellant,*

v.

DAVID J. SLATER, *et al.*,
*Defendants-Appellees*

———————————————————

On Appeal from the United States District Court
for the Northern District of California

———————————————————

**OPPOSITION TO REQUEST FOR JUDICIAL NOTICE BY APPELLEES
DAVID JOHN SLATER AND WILDLIFE PERSONALITIES, LTD.;
DECLARATION OF DAVID A. SCHWARZ**

———————————————————

David A. Schwarz
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:  (310) 277–1010
Facsimile:  (310) 203–7199
daschwarz@irell.com

Attorneys for Plaintiff-Appellant Naruto by and through his Next Friend, People
for the Ethical Treatment of Animals

## INTRODUCTION

Plaintiff-Appellant Naruto by and through his Next Friend, People for the Ethical Treatment of Animals ("PETA"), opposes Defendants-Appellees David John Slater and Wildlife Personalities, Ltd.'s (collectively "Slater") Request for Judicial Notice (Dkt. No. 40) (the "Motion"). The Motion seeks judicial notice of an unauthenticated criminal complaint purportedly filed in a New Jersey State municipal court. Slater makes no attempt to explain how this document bears on this appeal. It has nothing to do with the present copyright dispute. It does not involve any of the current parties to this appeal. Even if the complaint is somehow relevant to the issues before this Court (and it is not), it is not proper to take judicial notice of the factual content of records filed in other judicial proceedings.

This Motion should be denied.

## ARGUMENT

"It is rarely appropriate for an appellate court to take judicial notice of facts that were not before the district court." *Flick v. Liberty Mut. Fire Ins. Co*., 205 F.3d 386, 392 n.7 (9th Cir. 2000). To be noticeable, a document must be both relevant, *id.*, and not "'subject to reasonable dispute,'" *Lee v. City of L.A*., 250 F.3d 668, 689 (9th Cir. 2001) (quoting Fed. R. Evid. 201). The criminal complaint satisfies neither of these requirements.

- 1 -

## I. Slater Fails To Demonstrate The Relevance Of The Criminal Complaint To Any Issues Before This Court

A document must be relevant to be noticeable.  *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining "to take judicial notice" of documents that were "not relevant to the resolution of the appeal").  It follows that courts "may only take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue [on appeal]."  *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 991 n.8 (9th Cir. 2012).  The out-of-state record submitted by Slater "bear[s] no relation to the claims at issue here."  *See id.*

The Federal Rules of Appellate Procedure require that a moving party "state *with particularity* the grounds for the motion, the relief sought, and the legal argument necessary to support it."  Fed. R. App. P. 27(a)(2)(A) (emphasis added).  Slater offers nothing more than the conclusory (and vague) suggestion that the complaint "bears relevance" to PETA's eligibility to serve as a next friend in this case, or that somehow the "very existence" of the complaint itself "is a relevant consideration" as to whether PETA can adequately represent the interests of Naruto.  Motion at 2.  Appellees raised this issue for the first time in this appeal.  Without any record evidence, they argued that it is "unclear" whether PETA has any "connection" or "special relationship" with Naruto.  Blurb's Answering Br.

(Dkt. No. 28) at 9; *see also* Slater's Answering Br. (Dkt. No. 26) at 8-11. Under the guise of FRE 201, Slater now asks this Court to accept untested allegations in an unverified complaint as evidence of "documented animosity" between PETA and Dr. Engelhardt.

Slater never explains how this document (or the "animosity" it purports to show) relates to PETA's ability to act as a next friend. Neither of the individuals whom Slater claims are referenced in the criminal complaint is a party in this appeal. The Motion does not mention PETA, let alone its relationship to Naruto or Dr. Engelhardt. As Slater acknowledges, Dr. Engelhardt withdrew as a next friend from this case over a year ago. *See* Dtk. No. 10 (Dr. Engelhardt's notice of withdrawal, May 4, 2016); Dkt. No. 14 (order granting withdrawal, May 18, 2016). Mr. Kerr has never been a party to this action. Slater offers no rationale as to why Mr. Kerr's supposed involvement as a witness in an unrelated matter has any bearing on any disputed issue before the district court or any legal issue presented in this appeal, notwithstanding Mr. Kerr's role as PETA's general counsel.

Slater had yet to obtain a copy of the complaint at the time he asked PETA and Appellee Blurb, Inc. ("Blurb") whether they would oppose the Motion. Declaration of David A. Schwarz (Schwarz Decl.) ¶ 2. Blurb immediately responded that it would not oppose Slater's request, notwithstanding the fact that it, like Slater, had not seen the document or any evidence of its authenticity. *Id.*

¶ 3.  PETA asked Slater to provide the record at issue (if and when Slater obtained it), along with a "good faith basis" for his representation that the document was "relevant to the appeal."  *Id.* ¶ 4.  His response was to point PETA to a virtually identical draft version of the Motion now before the Court, without further explanation as to the relevance of the complaint.  *Id* ¶ 5.  The Motion itself provides no competent testimony as to the authenticity of this document.

## II.   <u>A Court May Not Take Judicial Notice Of The Truth Of Factual Allegations In Unrelated Pleadings In Another Matter</u>

The Motion improperly asks this Court to take notice of untested and potentially disputed factual allegations set forth in a pleading in an unrelated matter.  This exceeds the limits of FRE 201.  While courts may take judicial notice of "undisputed matters of public record," they may not take notice "of disputed facts *stated in public records*."  *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis added).   This includes facts contained in judicial proceedings.  *See Wyatt v. Terhune,* 315 F.3d 1108, 1114 (9th Cir. 2003) ("Taking judicial notice of findings of fact from another case exceeds the limits of Rule 201.") *overruled on other grounds by Albino v. Baca,* 747 F.3d 1162 (9th Cir. 2014); *Global Network Commc'ns, Inc. v. City of N.Y.,* 458 F.3d 150, 157 (2d Cir. 2006) (courts may not take judicial notice of court filings "for the truth of the matters asserted in the other litigation").

- 4 -

Though Slater asserts that the "very existence" of the complaint is relevant to "whether PETA can adequately represent the interests of Naruto," Motion at 2, Slater does not request judicial notice as to the existence of this document, or the fact that it was purportedly filed in an unrelated matter. Slater asks this Court to view the complaint as evidence of "documented animosity that has developed between PETA and Dr. Engelhardt." Motion at 2. Leaving aside the fact that the complaint says nothing about PETA, judicial notice is not a vehicle for this Court to engage in fact-finding, or to infer the existence (or relevance) of any purported "animosity" between PETA and a party no longer before this Court.

These facts are not "beyond dispute." *Owino v. Holder*, 771 F.3d 527, 534 (9th Cir. 2014) (refusing to take notice of facts contained in document that could be disputed). Indeed, they have not even been litigated in the underlying criminal action. *See Harper ex rel. Harper v. Poway Unified Sch. Dist.*, 345 F. Supp. 2d 1096, 1102–03 (S.D. Cal. 2004) (refusing "to take judicial notice of a complaint filed in another court without any indication as to the disposition of the allegations contained therein and with no agreement between the parties as to the truth of the facts alleged"). The criminal complaint is thus not subject to notice.

## **CONCLUSION**

This Motion isn't Slater's first attempt to smuggle irrelevant or disputed factual allegations into the appellate record. The Court may or may not be

sufficiently "curious" so as to take up Slater's invitation to visit his website in order to learn the "true story" of how he made "critical artistic decisions" "in the course of several grueling days in an Indonesian jungle," which "resulted in a photographic work adored by millions worldwide." Slater's Answering Br. (Dkt. No. 26) at 3-4. Curiosity is not a proxy for relevance. Unverified allegations of unproven claims in an unauthenticated court filing do not become indisputable facts when offered under the guise of FRE 201.

PETA respectfully requests that the Motion be denied.

Dated: June 9, 2017                    IRELL & MANELLA LLP

                                       By:  /s/ David A. Schwarz
                                            David A. Schwarz

                                       Attorneys for Plaintiff/Appellant Naruto
                                       by and through his Next Friend, People
                                       for the Ethical Treatment of Animals

## <u>DECLARATION OF DAVID A. SCHWARZ</u>

I, David A. Schwarz, declare as follows:

1.      I am an attorney at the law firm of Irell & Manella LLP, counsel of record for Plaintiff-Appellant Naruto by and through his Next Friend, PETA, in this action.  I am a member in good standing of the State Bar of California and have been admitted to practice before this Court.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      On May 24, 2017, counsel for Defendants-Appellees David John Slater and Wildlife Personalities, Ltd. (collectively "Slater"), Andrew Dhuey, sent both myself and counsel for Appellee Blurb, Inc. ("Blurb") a copy of a draft motion requesting judicial notice of a complaint filed in a pending criminal case in New Jersey state court.  Mr. Dhuey stated that the court clerk had mailed him a copy of the Complaint-Summons in this matter, but he had yet to receive it.  Mr. Dhuey asked PETA and Blurb to advise Slater whether they would oppose the request.  A true and correct copy of this correspondence is attached as Exhibit A.

3.      That same day, Blurb responded that it had no objection to Slater's proposed request.  A true and correct copy of this correspondence is attached as Exhibit B.

4.     Also on that same day, I responded by requesting a copy of the criminal complaint once Mr. Dhuey received it.  I also asked that he "provide PETA with [his] good faith basis for the representations [he] intend[ed] to file with the court," including the representation that the criminal complaint is "relevant to this appeal."  A true and correct copy of this correspondence is attached as Exhibit C.

5.     In response, Mr. Dhuey stated:  "My good faith basis for making this Request for Judicial Notice is set forth in the draft I sent you."  A true and correct copy of this correspondence is attached as Exhibit C.  Mr. Dhuey provided me with a copy of the criminal complaint on May 26, 2017.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2017 at Los Angeles, California.

    /s/ David A. Schwarz

# EXHIBIT A

**From:** Andrew Dhuey [mailto:ajdhuey@comcast.net]
**Sent:** Wednesday, May 24, 2017 9:45 AM
**To:** adunning@cooley.com; Schwarz, David
**Subject:** Naruto v. Slater - Request for Judicial Notice

Angela and David,

Attached is a draft of a request for judicial notice I will be filing shortly in *Naruto v. Slater*. I will ask the court to take judicial notice of the pending criminal case in New Jersey against Antje Engelhardt, Ph.D., stemming from an incident at the home of Jeffrey S. Kerr. The clerk at the Allamuchy Township Municipal Court mailed me a copy of the Complaint-Summons on Monday; I should receive it later this week.

As you can see, I have a short section stating whether this request is opposed or unopposed. I believe Blurb will not oppose this request (please confirm, Angela). And please let me know, David, whether PETA opposes this request.

Best regards,

Andrew

EX A 1

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(b) and (d), Defendants-Appellees David John Slater and Wildlife Personalities, Ltd. (henceforth, "Slater") respectfully move the Court to take judicial notice of the following document, annexed as Exhibit A to the accompanying Declaration of Andrew J. Dhuey: "Complaint – Summons" in *New Jersey v. Engelhardt*.

## DISCUSSION

Federal Rule of Evidence 201 provides for judicial notice of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding," Fed. R. Evid. 201(d), "whether in the trial court or on appeal." Advisory Committee Notes to Fed. R. Evid. 201(f).

The document attached herewith is a court record from *New Jersey v. Engelhardt*, a pending criminal case in Allamuchy Township Municipal Court in New Jersey, case no. S2017000037. The defendant is Antje Engelhardt, Ph.D., a primatologist who filed this action along with People for the Ethical Treatment of Animals, Inc. ("PETA"), purportedly as "next friends" of Plaintiff Naruto, a crested macaque. The complaining witness is

~ 1 ~

Jeffrey S. Kerr, PETA's general counsel, who appeared pro hac vice at the district court on behalf of PETA. ER 19. Dr. Engerlhardt is charged with criminal trespass and harassment, stemming from an incident on 22 April 2017 at Mr. Kerr's residence.

This Court may take judicial notice of the attached state court records. *See, e.g.*, *Mozes v. Mozes*, 239 F.3d 1067, 1085 n. 55 (9th Cir. 2001) (panel took judicial notice of state court records that postdated the district court decision under review). Slater submits that these records bear relevance to PETA's eligibility to serve as a "next friend" of Naruto in the absence of Dr. Engelhardt, who moved to withdraw from the case, informing the Court that she "will not continue as a next friend to Appellant in this proceeding."[1] This Court granted Dr. Engelhardt's motion, thus leaving PETA as Naruto's lone putative next friend.[2]

Regardless of the merits or outcome of the criminal case against Dr. Engelhardt, its very existence is a relevant consideration on whether PETA can adequately represent the interests of Naruto, notwithstanding the documented animosity that has developed between PETA and Dr. Engelhardt. PETA's and Dr. Engelhardt's contentions regarding their "next friends" eligibility are at ER 23 (Complaint). Slater's arguments concerning

---

[1] Docket entry no. 10, May 4, 2016.
[2] Docket entry no. 14, May 18, 2016.

EX A 3

PETA's eligibility to serve as Plaintiff's *sole* "next friend" are set forth at pp. 8-11 of his principal brief. PETA's response can be found at pp. 10-13 of its reply brief.

## STATEMENT OF [NON-]OPPOSITION

Slater provided a draft of this Request to counsel for PETA and Defendant-Appellee Blurb, Inc. prior to filing. PETA has stated that it will [not] oppose this Request; Blurb has stated that it will not oppose.

## CONCLUSION

For the reasons set forth above, Slater respectfully requests that this Court take judicial notice of Exhibit A, attached to the Declaration of Andrew J. Dhuey, filed herewith.

Respectfully submitted,

/s/ ANDREW J. DHUEY
Attorney for Defendants-Appellees,
DAVID JOHN SLATER and
WILDLIFE PERSONALITIES, LTD.

EX A 4

## DECLARATION OF ANDREW J. DHUEY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

I, Andrew J. Dhuey, declare as follows:

1.      I am an attorney at law duly licensed to practice law in the State of California. I am also admitted to practice before this Court.

2.      I am the attorney responsible for representing Defendants-Appellees David John Slater and Wildlife Personalities, Ltd. in this appeal. I have personal knowledge of the matters set forth below.

3.      Attached hereto as Exhibit A is a true and correct copy of the Summons and Complaint in *New Jersey v. Engelhardt*, case no. S2017000037, pending in Allamuchy Township Municipal Court. I received this document from the court in response to a records request I had submitted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of May 2017, at Berkeley, California.

/s/ Andrew J. Dhuey

EX A 5

# EXHIBIT A

# EXHIBIT B

-----Original Message-----
From: Dunning, Angela [mailto:adunning@cooley.com]
Sent: Wednesday, May 24, 2017 11:14 AM
To: Andrew Dhuey
Cc: Schwarz, David
Subject: Re: Naruto v. Slater - Request for Judicial Notice

No opposition, thanks Andrew

Sent from my iPhone

On May 24, 2017, at 6:45 PM, Andrew Dhuey <ajdhuey@comcast.net<mailto:ajdhuey@comcast.net>> wrote:

Angela and David,

Attached is a draft of a request for judicial notice I will be filing shortly in Naruto v. Slater. I will ask the court to take judicial notice of the pending criminal case in New Jersey against Antje Engelhardt, Ph.D., stemming from an incident at the home of Jeffrey S. Kerr. The clerk at the Allamuchy Township Municipal Court mailed me a copy of the Complaint-Summons on Monday; I should receive it later this week.

As you can see, I have a short section stating whether this request is opposed or unopposed. I believe Blurb will not oppose this request (please confirm, Angela). And please let me know, David, whether PETA opposes this request.

Best regards,

Andrew
<RJN - inside pages.doc>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

EX B 1

# EXHIBIT C

**From:** Andrew Dhuey [mailto:ajdhuey@comcast.net]
**Sent:** Wednesday, May 24, 2017 12:22 PM
**To:** Schwarz, David; adunning@cooley.com
**Subject:** RE: Naruto v. Slater - Request for Judicial Notice

Mr. Schwarz:

I will send you a copy of the Complaint—Summons as soon as I receive it from the court. If you would like to see it sooner, perhaps Mr. Kerr has a copy to share with you. Once I receive a copy, I will send you a complete draft of the document I intend to file at the Ninth Circuit. If you would then like to tell me whether PETA intends to oppose the Request, I will so inform the court. I am not asking PETA to take a position on anything – I wish only to give the merits panel a heads-up on whether they should expect an opposition brief from you. *See* Ninth Circuit Rule 27-1(2). (I practice mostly in the Federal Circuit, where as you may know, these statements of yea/nay on opposition are required for all motions.)

Regarding your questions, the clerk has informed me of the contents of the Complaint-Summons, so I do not expect to see anything pertinent that I didn't already know. My good faith basis for making this Request for Judicial Notice is set forth in the draft I sent you.

Please feel free to call me if you would like to discuss this. If you would like me to redact Mr. Kerr's residential address, I will do so.

Best regards,

Andrew Dhuey
(510) 528-8200

EX C 1

**From:** Schwarz, David [mailto:DSchwarz@irell.com]
**Sent:** Wednesday, May 24, 2017 11:33 AM
**To:** Andrew Dhuey; adunning@cooley.com
**Subject:** RE: Naruto v. Slater - Request for Judicial Notice

Mr. Dhuey: If I understand your email:

1. You will be filing shortly a brief in which you intend to represent to the Court of Appeals that a document, which you have yet to see, is relevant to the appeal.
2. You are asking PETA to take a position as to whether a document which does not name PETA as a party, and which you have not sent to me, is properly subject to judicial notice.

If I am correct, and you have not yet received this document, I would appreciate it if you would provide PETA with your good faith basis for the representations you intend to file with the court.

Ms. Dunning – Mr. Dhuey states his belief that your client will not oppose his request; is this correct? If it is correct, would you let me know whether Blurb reviewed this document before it advised Mr. Dhuey that it would not oppose his motion.

Thank you in advance for your reply. We expect that you will provide to us the subject document of your RJN before you make any representations to the court concerning our position regarding your request.

David Schwarz

**From:** Andrew Dhuey [mailto:ajdhuey@comcast.net]
**Sent:** Wednesday, May 24, 2017 9:45 AM
**To:** adunning@cooley.com; Schwarz, David
**Subject:** Naruto v. Slater - Request for Judicial Notice

Angela and David,

Attached is a draft of a request for judicial notice I will be filing shortly in *Naruto v. Slater*. I will ask the court to take judicial notice of the pending criminal case in New Jersey against Antje Engelhardt, Ph.D., stemming from an incident at the home of Jeffrey S. Kerr. The clerk at the Allamuchy Township Municipal Court mailed me a copy of the Complaint-Summons on Monday; I should receive it later this week.

As you can see, I have a short section stating whether this request is opposed or unopposed. I believe Blurb will not oppose this request (please confirm, Angela). And please let me know, David, whether PETA opposes this request.

Best regards,

Andrew

EX C 2

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

EX C 3

| 9th Circuit Case Number(s) | 16–15469 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Jun 9, 2017 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ David A. Schwarz

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)