NO. 16-15469

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NARUTO, by and through his Next Friend,
*Plaintiff-Appellant*,

v.

DAVID J. SLATER, *et al.*,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California, No. 3:15-cv-04324-WHO

**REPLY IN SUPPORT OF MOTION OF THE COMPETITIVE ENTERPRISE INSTITUTE FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* OUT OF TIME**

PETA (which seeks to vacate the opinion below on the curious theory that it has no standing on appeal, even as they continue to insist that they do have standing) opposes CEI's motion for leave to file *amicus* on the ground that it "does not serve the interests of the parties." But that's the point: the parties are asking the Court to take an *ultra vires* step to benefit the parties at the expense of the public interest, and, without *amicus* to brief the other side, the request will be made *ex parte* without the benefit of adversary presentation.

This Court is still considering the case on the merits, and has not decided not to consider the case on the merits. As the precedents in the proposed *amicus* noted, this

Court has the discretion to decline the motion to dismiss and rule on the submitted appeal. An *amicus* is thus not inappropriate under Fed. R. App. Proc. 29(a)(1).

PETA argues that *amicus* should not be granted because vacating the opinion below does not affect the public interest. But that is the disputed issue raised by the *amicus* brief, which cites precedent and reasoning—undisputed by PETA except *ipse dixit*—to show that vacating the decision below does adversely affect the public interest.

PETA simultaneously protests that CEI did not file a "me too" brief earlier in the case (Opp. 2) and then cites Seventh Circuit authority discouraging such "me too" briefs (Opp. 5). One notes the incoherence of this double position, mirroring PETA's incoherence in claiming to no longer be Next Friend of Naruto at the appellate level while simultaneously asserting its ability to have that status at the district-court level. But CEI is not filing a me-too brief. The proposed *amicus* brief is a true friend-of-the-court brief because it "brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties [and will thus be] of considerable help to the Court." Advisory Committee Notes to the 1998 Amendments to Fed. R. App. Proc. 29. Even the Seventh Circuit, which PETA correctly notes discourages me-too *amicus* briefs, recognizes the value of *amicus* where the parties are seeking one-sided *ex parte* presentation of the issues. *E.g., FTC v. Trudeau,* 606 F.3d 382, 385 (7th Cir. 2010); *United States v. Thompson*, 599 F.3d 595, 598 n.2 (7th Cir. 2010); *In re Troutt*, 460 F.3d 887, 892 (7th Cir. 2006). So does the Supreme Court and this Court. *E.g., Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 104, 113 S.Ct. 1967, 1979 (1993) (citing cases); *Warren v. Comm'r*, 282 F.3d 1119, 1120 (9th Cir. 2002) (Reinhardt, J., concurring).

PETA's reliance on *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Seafirst Corp.*, 891 F.2d 762, 769 (9th Cir. 1989), both is inappropriate, as that case has been abrogated by subsequent Supreme Court precedent cited by CEI in its proposed *amicus* brief, and further demonstrates the need for *amicus* to avoid misleading *ex parte* presentation. Judge Easterbrook's reasoning in *Memorial Hospital* is sound and demonstrates the public interest at stake here.

There will be no delay in granting CEI's motion: PETA, rather than seeking a Rule 29(a)(6) response, used its opposition to CEI's motion to make its best case for rebuttal of CEI's arguments. That that best case appears to be *ad hominem* attacks and abrogated or inapposite precedents speaks for itself.

## Conclusion

The Court should grant leave to file CEI's *amicus* brief submitted September 13, 2017, and should direct the Clerk to accept the proposed brief for filing.

September 26, 2017

Respectfully submitted,

*/s/ Theodore H. Frank*
Theodore H. Frank
COMPETITIVE ENTERPRISE INSTITUTE
1310 L Street NW, 7th Floor
Washington, D.C. 20005
(202) 331-2263

*Attorneys for* Amicus Curiae
*Competitive Enterprise Institute*

## Certificate of Service

I hereby certify that on September 26, 2017, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will provide notification of such filing to all who are ECF-registered filers.

*/s/ Theodore H. Frank*
Theodore H. Frank